UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARTHUR PORTNOY,  :
 :
                Plaintiff,  :
 :    **MEMORANDUM & ORDER**
         v.  :    20-CV-4285 (WFK)
 :
COMMISSIONER OF SOCIAL SECURITY,  :
 :
                Defendant.  :
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Arthur Portnoy ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied Plaintiff's application for Supplemental Security Income ("SSI"). Plaintiff and Defendant both move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 21, 22. For the reasons set forth below, Defendant's motion is DENIED, and the Court REMANDS this action to the Social Security Administration for further proceedings.

## PROCEDURAL HISTORY

On January 11, 2018, Plaintiff filed an application for SSI, alleging a disability onset date of December 28, 2016. Administrative Record ("Tr."), ECF No. 20, at 48. After Plaintiff's claim was denied, he requested an administrative hearing. *Id.* at 48-83. A hearing was held on September 3, 2019 before Administrative Law Judge ("ALJ") James Kearns. *Id.* at 31-47. In a decision dated September 24, 2019, ALJ Kearns determined Plaintiff was not disabled. *Id.* at 7-20. Plaintiff requested review by the Appeals Council, which was denied on July 15, 2020. *Id.* at 1-4. This was the final act taken by the Commissioner. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final decision.

## **STATEMENT OF FACTS**

The evidence in this case is undisputed, and the Court adopts Defendant's factual recitation. Def. Mem. at 5-7, ECF No. 22-1.

## **STANDARD OF REVIEW**

When a claimant challenges a denial of disability benefits by the Social Security Administration ("SSA"), the Court's function is not to evaluate *de novo* whether the claimant has a disability but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation omitted). The reviewing court must examine the entire record, weighing the evidence on both sides to ensure the claim "has been fairly evaluated." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

The Commissioner, not the courts, "weigh[s] the conflicting evidence in the record" and resolves such conflicts. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). "While the ALJ need not resolve every conflict in the record, the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268–69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation and alterations omitted). To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his ultimate decision rests" and must "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

## DISCUSSION

I.   **Determination of Disability**

    A. **Applicable Law to Determine SSI Eligibility**

To be eligible for SSI benefits, an individual must be "aged, blind, or disabled" as defined in 42 U.S.C. § 1382c and, *inter alia*, meet the resource and income limits specified in the Act. For purposes of SSI, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

To evaluate a disability claim, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. § 416.920. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If not, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." *Id.* § 416.920(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform their past relevant work. *Id.* § 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the

fifth and final step is to determine whether the claimant can perform any job based on his or her RFC and other vocational considerations, such as work experience, age, and education. *Id.* § 416.920(a)(4)(v). The claimant bears the burden of proving the first four steps, then the burden shifts to the Commissioner at the fifth step. *Rosa v. Callahan*, 168 F.3d 72, 77-78 (2d Cir. 1999).

### B. The ALJ's Decision

On September 24, 2019, the ALJ issued a decision denying Plaintiff's claim in accordance with the five-step procedure outlined above. Tr. at 10-23. First, the ALJ determined Plaintiff did not engage in substantial gainful activity since December 28, 2016, the alleged disability onset date. *Id.* at 12. Second, he found Plaintiff had the severe impairment of a panic disorder. *Id.* at 13. However, the ALJ found, upon reviewing the record, Plaintiff did not have a severe impairment or combination of impairments at step three. *Id.* at 18-21. Furthermore, the ALJ found "Plaintiff retained the RFC to perform work at all exertional levels with non-exertional limitations to simple, routine tasks with no more than occasional changes in a routine work setting and occasional interaction with coworkers, supervisors, and the public." *Id.* at 14. Fourth, the ALJ found Plaintiff could no longer perform his past skilled work as a medical technician. *Id.* at 18. Finally, at step five, the ALJ relied upon vocational expert testimony to determine Plaintiff could perform unskilled occupations, including as an industrial cleaner, dishwasher, and hand packager. *Id.* at 19-20. On this basis, the ALJ found Plaintiff was not disabled. *Id.* at 20.

### II. The ALJ's Determination is Not Supported by Substantial Evidence

First, Plaintiff argues ALJ Kearns erred in determining Plaintiff retains the RFC to "perform a full range of work at all exertional levels." Pl. Mem., ECF No. 21, at 12.

4

Specifically, Plaintiff explains, while several physicians opined on Plaintiff's mental abilities, Dr. Allen Meisel was the only physician who examined Plaintiff and "provide[d] a medical opinion regarding his *physical* abilities." *Id.* (emphasis added). Indeed, Dr. Meisel stated Plaintiff had several, "marked," non-exertional limitations, including with respect to climbing ladders and scaffolds, being exposed to unprotected heights, and operating motor vehicles. *Id.*; Tr. at 352. According to Plaintiff, it is unclear from the ALJ's decision whether the ALJ considered Dr. Meisel's opinion evidence as the final decision lacks any discussion of it. *Id.*

In response, Defendant argues Dr. Meisel's opinion evidence was omitted because Plaintiff alleged "almost exclusively mental impairments" both when he applied for SSI benefits and during his administrative hearing, such that it was not necessary for the ALJ to address it. Def. Mem., ECF No. 22-1 at 11. Furthermore, Defendant claims that while the decision does not directly mention Dr. Meisel's opinion, the ALJ's RFC finding was consistent with Dr. Meisel's findings regarding Plaintiff's lack of physical and exertional limitations. *Id.* at 12. Defendant acknowledges Dr. Meisel also identified several non-exertional limitations which were unaddressed by the ALJ. However, Defendant argues those limitations "would not preclude Plaintiff from performing work in the national economy" involved those limitations, including the positions cited by the vocational expert. The Court disagrees.

"[I]mpairment-related limitations created by an individual's response to demands of work ... must be reflected in the RFC assessment." *Hendrickson v. Astrue*, 11-CV-927 (ESH), 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (Hines, M.J.). "Part and parcel to the RFC determination is the ALJ's review of the medical opinion evidence...." *Dumas v. Comm'r of Soc. Sec.*, 13-CV-1099 (GTS) (TWD), 2015 WL 1403342, at *13 (N.D.N.Y. Mar. 26, 2015) (Suddaby, J.). "[T]he Commissioner must consider *all medical opinions* and 'evaluate their

persuasiveness' based on their supportability and consistency, the author's relationship with the claimant and specialization, and 'other factors.'" *Debra Lanette P. v. Comm'r of Soc. Sec.*, 20-CV-1634 (CFH), 2022 WL 1063169, at *3 (N.D.N.Y. Apr. 7, 2022) (Hummel, J.) (emphasis added). Thus, while ALJs need not detail the weight they ascribed to each medical opinion, they must consider the supportability and consistency factors of each opinion and articulate their conclusions. 20 C.F.R. § 404.1520c(a)-(c) and (b)(1)-(2). This Court will not reweigh the evidence before the ALJ, but it notes the ALJ cannot "ignore evidence or cherry pick only the evidence from medical sources that support a particular conclusion and ignore the contrary evidence." *April B. v. Saul*, 18-CV-682 (DJS), 2019 WL 4736243, at *6 (N.D.N.Y. Sept. 27, 2019) (Stewart, M.J.).

This Court also notes "[t]he Commissioner may rely on a vocational expert's testimony concerning the availability of jobs suited to a hypothetical person's capabilities so long as the hypothetical is based on substantial evidence." *Mancuso v. Astrue*, 361 F. App'x 176, 179 (2d Cir. 2010). However, "[i]f a hypothetical question does not include all of a claimant's impairments, limitations and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." *Melendez v. Astrue*, 06-CV-5898 (RLC), 630 F. Supp. 2d 308, 319 (S.D.N.Y. 2009) (Carter, J).

Here, the ALJ did not pose any hypotheticals to the vocational expert involving the non-exertional limitations Dr. Meisel described. Tr. at 45-46. The Court finds the rationale for this decision is unclear, as no explanation is provided for the omission. To be sure, Defendant argues the omission was harmless because the ALJ's RFC finding was consistent with Dr. Meisel's opinions. However, courts in the Second Circuit have declined to find an ALJ's failure to discuss a plaintiff's limitations harmless, even when the ALJ incorporates the majority of

limitations enumerated by an examining physician. *See, e.g.*, *Elizabeth P. v. Comm'r of Soc. Sec.*, 20-CV-891 (CFH), 2022 WL 507367, at *10 (N.D.N.Y. Feb. 18, 2022) (Hummel, M.J.).

Defendant also argues the omission is harmless because the jobs cited by the vocational expert did not involve climbing ladders and scaffolds, exposure to unprotected heights, or operating motor vehicles. However, "[t]his Court is not permitted to accept the Commissioner's post-hoc rationalization." *Debra Lanette P.*, 2022 WL 1063169, at *8; *see also Hall v. Colvin*, 37 F. Supp. 3d 614, 626 (W.D.N.Y. 2014) (Wolford, J.) ("Even if accurate, this a post hoc rationalization that is not apparent from the face of the ALJ's decision. A reviewing court may not accept appellate counsel's post hoc rationalization for agency action."). Ultimately, the Court cannot conclude the ALJ's failure to discuss Plaintiff's non-exertional limitations is harmless error because the ALJ did not indicate whether Plaintiff's "marked limitations" will impact his ability to work.

Second, Plaintiff argues the ALJ erred by "failing to properly assess [Plaintiff's] ability to perform work activities on a function-by-function basis before finding him capable of performing work at all exertional levels." Pl. Mem. at 13. Defendant contends Plaintiff's assertion the ALJ was required to analyze work-related functions is "simply absurd," as "Plaintiff did not assert any physical impairments." Def. Mem. at 14.

"[A]n RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis; it is only after that may RFC be expressed in terms of the exertional levels of work." *Cameron H. v. Comm'r of Soc. Sec.*, 20-CV-363-FPG, 2021 WL 4397892, at *3 (W.D.N.Y. Sept. 27, 2021) (Geraci, J.) (citations omitted). Such analyses require an assessment of the "claimant's ability to perform each of seven strength demands: sitting, standing, walking, lifting, carrying, pushing,

7

and pulling. Each function must be considered separately." *Id.* Remand is not necessarily required simply because this analysis was not performed. *Id.* However, "[w]hen an ALJ does not rely on a medical opinion to formulate the claimant's RFC, he must 'provide a function-by-function analysis of [the claimant]'s work-related capacity.'" *Id.*

Here, the ALJ discussed the medical opinions of several physicians, all of whom evaluated Plaintiff's mental state and attested to his corresponding limitations. Tr. at 21. In so doing, the ALJ described the limitations mentioned by the physicians and opined on his reasons for finding their opinions persuasive or unpersuasive. *Id.* at 21. However, the record contains little evidence regarding Plaintiff's physical state. The ALJ was not absolved of his responsibility to consider work-related functions simply because Plaintiff's principal impairments were mental rather than physical. *See Cameron H.*, 2021 WL 4397892, at *4 (remanding an ALJ decision that omitted an assessment of a plaintiff's ability to perform physical work-related activities where a plaintiff's impairments included only mental disabilities, and he did not allege any physical disabilities). As the ALJ did not discuss the medical opinion of Dr. Meisel, nor any other physician who could attest to Plaintiff's physical condition, it is ultimately unclear to the Court how the ALJ made his findings with respect to Plaintiff's physical abilities. Accordingly, the Court remands this case so that the ALJ may address these deficiencies.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings, ECF No. 22, is DENIED and Plaintiff's motion for judgment on the pleadings, ECF No. 21, is GRANTED to the extent it seeks remand. The Court hereby REMANDS this action to the Social Security

Administration for further administrative proceedings, including a new decision, consistent with this opinion.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2023
       Brooklyn, New York

9